# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANCHERS PIPE & STEEL CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-CV-0192-CVE-FHM ) |
| OHIO SECURITY INSURANCE COMPANY and LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Liberty Mutual Insurance Company's Motion to Dismiss and Brief in Support (Dkt. # 11). This case arises from damage caused by severe weather to plaintiff's commercial property. Plaintiff alleges that, at the time of the damage, it had been issued an insurance policy by defendants that covered the damage, but that defendants failed to pay plaintiff's claim in violation of the insurance agreement. Dkt. # 2-2, at 3-4. Plaintiff filed this case in the District Court of Tulsa County, State of Oklahoma alleging claims for breach of contract and breach of the duty of good faith and fair dealing against defendants. Dkt. # 2-2, at 3-4. Defendants removed to this Court on the basis of diversity jurisdiction. Dkt. # 2, at 2. Defendant Liberty Mutual Insurance Company (Liberty Mutual) now moves to dismiss the claims against it, arguing that it is not a proper party because it did not issue the insurance policy that is the subject of this litigation. Dkt. # 11, at 1.

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A

complaint must contain enough "facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).

In support of its motion, Liberty Mutual attaches a document titled "Policy Change Endorsement." Dkt. # 11-1. The document appears to be a notice sent to plaintiff confirming an addition made to plaintiff's coverage and includes a summary of plaintiff's policy. See id. If matters outside the pleadings are presented on a motion to dismiss under Rule 12(b)(6), a court must exclude such matters or treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Here, the Policy Change Endorsement presented by Liberty Mutual is a matter outside the pleadings. There are certain documents that courts can consider without converting a 12(b)(6) motion to one for summary judgment. For example, courts may consider documents attached to the complaint and "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009) (quoting Alvarado, 493 F.3d at 1215). These exceptions do not apply here because

the Policy Change Endorsement[1] is not mentioned in plaintiff's petition, and, not having the entirety of the insurance agreement, there is no way for the Court to determine at this stage if it is central to plaintiff's claim. The Court finds that it cannot consider the Policy Change Endorsement on a 12(b)(6) motion to dismiss and declines to convert the motion to a Rule 56 motion for summary judgment.

Plaintiff's petition alleges that both defendants issued the relevant insurance policy. Liberty Mutual's argument disputing that allegation relies entirely on the Policy Change Endorsement. Because the Court has excluded the Policy Change Endorsement, Liberty Mutual's motion to dismiss will be denied. However, this decision does not prejudice Liberty Mutual from reasserting its arguments in a future motion for summary judgment.

**IT IS THEREFORE ORDERED** that Liberty Mutual Insurance Company's Motion to Dismiss and Brief in Support (Dkt. # 11) is **denied**. Defendant shall file its Answer to the Complaint no later than **June 27, 2017.**

**DATED** this 13th day of June, 2017.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] An endorsement changes either the scope of an insurance agreement's coverage or its limitations. Jeffrey E. Thomas et al., New Appleman Insurance Law Practice Guide § 4.09[4] (2016). An endorsement "may amend the policy by altering some existing term," or an endorsement "may address a new risk not addressed by the standard policy form." Id. This endorsement purports to add CG 8870 Construction Project(s) - General Aggregate Limit (Per Project). Dkt. # 11-1, at 2.

3