IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

RANCHERS PIPE & STEEL
CORPORATION,

          Plaintiff,

vs.

OHIO SECURITY INSURANCE
COMPANY and LIBERTY MUTUAL
INSURANCE COMPANY,

          Defendant.

Case No. 17-CV-192-CVE-FHM

## OPINION AND ORDER

Defendant Ohio Security Insurance Company's (Ohio Security) Motion for Sanctions, [Dkt. 30], is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed. [Dkt. 30, 32, 36]. The motion is DENIED.

### Alleged Spoliation of Evidence

The dispute in this breach of contract and bad faith action involves the adjustment of damage to the roof of Plaintiff's building allegedly resulting from a March 2015 storm. After Plaintiff filed an insurance claim the property was inspected by an Ohio Security employee and further inspected twice more in May and June 2015 by Ohio Security's retained engineer, William Ford. Mr. Ford took photographs and generated two reports detailing his opinion about the condition of the subject roof.

This case was filed in March 2017. In June 2017 Plaintiff began re-roofing the building. Ohio security asserts that re-roofing constitutes spoliation of evidence for which it seeks dismissal of this lawsuit as a sanction. Although Defendant seeks the extreme sanction of dismissal, Defendant has not explained why its previous three inspections were insufficient.

Spoliation sanctions for the destruction of evidence are proper when (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, **and** (2) the adverse party was prejudiced by the destruction of the evidence. *Turner v. Public Service Co. of Colorado*, 563 F.3d 1136, 1149 (10th Cir.2009), *103 Investors I, L.P. v. Square D. Co.*, 470 F.3d 985, 989 (10th Cir. 2006). Essentially the same rule applies under Oklahoma law. *See Barnett v. Simmons*, 197 P.3d 12, 18-20 (Okla. 2008) (setting out duty to preserve evidence and finding bad faith showing not required to sanction destruction or alteration of relevant evidence). In light of the several inspections conducted on the roof on Ohio Security's behalf, the court finds that Plaintiff's re-roofing of the building has not impaired Ohio Security's ability to defend the claims against it. In other words, Ohio Security has not demonstrated that it has suffered any prejudice as the result of the re-roofing of Plaintiff's building.

Without any discussion of the facts of that case, Ohio Security argues that Plaintiff's actions in this case parallel the sanctionable conduct in *Jordan F. Miller Corp. v. Mid-Continent Aircraft Service*, 139 F.3d 912 (10th Cir. 1998)(unpublished), 1998 WL 68879 at *4. Ohio Security asserts that like *Jordan F. Miller,* this case is a classic example of spoliation of evidence that warrants dismissal with prejudice. [Dkt.30, p. 10]. In *Jordan F. Miller Corp.* airplane landing gear collapsed on landing, causing damage to the aircraft. The defendant had no opportunity to inspect or test the landing gear before repairs were made. During the course of repairs, all but one of the component parts of the landing gear were lost or destroyed. The court dismissed all claims related to the landing gear.

Except for the existence of a lawsuit, nothing about the factual circumstances of the *Jordan F. Miller Corp.* case and this one is similar. Representatives of Ohio Security

2

inspected, photographed, and generated reports about the condition of the subject roof before it was replaced. Again, Ohio Security has not suffered any prejudice. *See Church v. Church Mut. Ins. Co.*, 2017 WL 598497 at *2 (W. D. Okla. 2017)(finding no prejudice and denying sanctions where: insurer had opportunity to inspect vandalized HVAC units; insurer gathered enough evidence to determine that only one of four units needed to be replaced and three could be repaired; and there was no information before the court as to how an inspection two years later would be any different from its first inspection).

## Cancellation of Inspection

Further inspection of Plaintiff's property related to interior damage and personal property damage was arranged for August 29, 2017. Details related to the scope of the inspection were arranged by email communications. When Ohio Security representatives showed up for the inspection, Plaintiff cancelled the inspection due to disagreements about the personnel conducting the inspection and the scope. Ohio Security seeks an award of the counsel and engineering fees it incurred as a sanction against Plaintiff for the cancellation of the inspection. Ohio Security states that the allegedly improper conduct of cancelling the inspection "is in derogation of Plaintiff's duties expressly stated within the applicable Policy and constitutes an abuse of the discovery process." [Dkt. 30, p. 15]. Ohio Security cites the court's inherent authority to sanction a party as the source of the court's power to enter a fee award under the facts presented.

The Court finds that the parties' difficulties in coming to an agreement over the terms of an inspection conducted pursuant to policy terms presents no occasion for the exercise of the court's inherent authority, nor does the court view the circumstances presented to constitute an abuse of the discovery process.

Conclusion

Defendant Ohio Security Insurance Company's (Ohio Security) Motion for Sanctions, [Dkt. 30], is DENIED.

SO ORDERED this 5th day of December, 2017.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE