# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

RANCHERS PIPE & STEEL CORPORATION,

    Plaintiff,

vs.

OHIO SECURITY INSURANCE COMPANY, and LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.

Case No. 17-CV-192-CVE-FHM

## OPINION AND ORDER

Plaintiff's Motion to Compel Discovery from Liberty Mutual Insurance Company, [Dkt. 40], is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed, [Dkt. 40, 43, 47], and is ripe for decision.

Defendants issued an insurance policy to insure Plaintiff's roof. Plaintiff filed a claim for damage to the roof. Coverage for the damage was denied. Plaintiff filed this case alleging breach of contract and bad faith by both defendants. Plaintiff served interrogatories and requests for production of documents on Defendant Liberty Mutual Insurance Company (Liberty Mutual). Liberty Mutual posed objections to all of the discovery requests and refused to provide substantive responses. Plaintiff seeks an order compelling Liberty Mutual to provide substantive responses to the discovery.[1]

Primarily, Liberty Mutual asserts that discovery from Liberty Mutual is improper because Liberty Mutual claims it did not issue the policy at issue and was not responsible for handling Plaintiff's insurance claim. Liberty Mutual also asserts that discovery is not

---

[1] Plaintiff's construction of relevancy for discovery, as being "if there is any possibility that the information sought may be relevant to the subject matter of the action," [Dkt. 40, p. 5], relies on case law that does not accurately state the scope of discovery in federal court. *See* Fed.R.Civ.P. 26(b).

appropriate for the further reason that Plaintiff has not asserted any veil piercing or alter ego allegations. At this stage of the proceedings no determination is being made as to whether Liberty Mutual (or any party) is, or is not, liable. The question is whether Liberty Mutual is required to answer Plaintiff's discovery requests. Liberty Mutual's assertions do not exempt it from providing answers to reasonable discovery requests. Irrespective of whether Liberty Mutual is eventually found to have any liability in this matter, from the prominent presence of Liberty Mutual's logo on the claim denial, [Dkt. 40-4], and the email concerning an inspection of the subject roof Plaintiff received from a "Sr. Claims Specialist" from the Southwest Region of Liberty Mutual Insurance that came from an email address "@libertymutual.com," [Dkt. 40-5], it is not unreasonable for Plaintiff to seek to find out what involvement Liberty Mutual had in the issuance of the policy, in the adjustment of the claim, and the relationship between Ohio Security and Liberty Mutual.

The court finds that, contrary to Liberty Mutual's asserted objections, for the most part, Plaintiff's discovery requests are not vague or ambiguous nor are most of the requests overly broad. Yet, Liberty Mutual posed those objections to every discovery request. Liberty Mutual has made no showing that making a substantive response to the discovery would be unduly burdensome. It is disingenuous to object that a request for production is duplicative, when the request begins, "to the extent not already requested." [Dkt. 40-1, pp. 8-10]. Except where otherwise indicated herein, the court finds that Liberty Mutual's objections to Plaintiff's discovery are not well founded. Liberty Mutual is advised that unsupported objections as provided in this case are not acceptable. They evince an uncooperativeness that is contrary to the command that the Federal Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties

to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. Posing an objection that a discovery request is vague and ambiguous when the question posed uses clear language or objecting that a request is overly broad when it is not comes close to violating the requirement of Fed.R.Civ.P. 26(g)(1)(B) that every objection be warranted by existing law or a nonfrivolous legal argument and not interposed for delay. In addition, because objections to the wording of a discovery request are usually easily resolved by phone calls or meetings between counsel, the objection that a discovery request is vague or ambiguous calls into question whether the required meet and confer was conducted in good faith. Furthermore, Liberty Mutual's responses are such that it is not clear whether responsive material or information exists.

In general if Liberty Mutual has information that pertains to the subject roof or the policy at issue and is the topic of a discovery request, that information must be produced. If Liberty Mutual does not have documents or information responsive to a request Plaintiff is entitled to a properly signed response from Liberty Mutual to that effect. Fed.R.Civ.P. 33(b). If all information responsive to a request has been provided to Plaintiff by Ohio Security, Liberty Mutual may not simply declare the matter moot. Rather, Liberty Mutual is required to provide a properly signed response that the information has been provided by Ohio Security. Discussion of the individual discovery requests follows.

Underwriting Process

Request for Production Nos 2, 3, 4, 5, 7, and 8 seek production of inspection materials and communications that preceded the issuance of the policy. Understanding that Liberty Mutual maintains it did not issue the policy, it is none-the-less required to

produce responsive documents if they exist and to advise if they do not. Liberty Mutual is required to answer Interrogatories Nos 2 and 6.

## Claims Process

This category of discovery involves Request for Production of Documents Nos 9-11, 13, and 15-18. Liberty Mutual is required to produce responsive documents, if any, for Request Nos 9-11, and 16 or respond that it has no responsive documents.

Request No. 13 seeks production of "any and all written guidelines and/or claims manuals regarding the process by which Liberty Mutual evaluates claims." This request is too broad in that it seeks any and all written guidelines and is not specific to the type of claim involved in this case. The motion to compel is denied as to this request.

Request No. 15 seeks production of documents pertaining to compensation and performance reviews of those claims personnel who were involved in the denial of Plaintiff's claims. The court fails to see how this information is relevant to the issues in this lawsuit. The motion to compel is denied as to this request.

Request No. 17 asks for production of all training documents provided to employees that indicate when an outside consulting firm should be used. The court finds that this request is too broad and is not relevant to the issues in this lawsuit. The motion to compel is denied as to this request.

Request No. 18 asks for production of "all documents identifying all outside firms or organizations approved to assist in handling wind, hail, or roof claims within the State of Oklahoma. This request for all documents is overly broad. The motion to compel is denied as to this request.

4

This category of discovery also involves Interrogatory Nos 3-5 and 7-13. Liberty Mutual is required to answer Interrogatory Nos 3-5, 7, 8, 10, and 13.

Interrogatory No. 9 asks Liberty Mutual to describe in detail every factual basis in support of coverage of Plaintiff's claims. Under the circumstances of this case, Liberty Mutual is not required to identify potential weaknesses in its own case. The motion to compel is denied as to this interrogatory.

Interrogatory No. 11 asks Liberty Mutual to "list the number of claims" filed by policyholders for property damage caused by the weather events on March 25, 2015, May 6, 2015, and May 16, 2015 within a 5 mile radius of the subject property. Interrogatory No. 12 asks Liberty Mutual to "list the number of claims" paid for property damage identified in the Interrogatory No. 12. These interrogatories do not seek relevant information. The motion to compel is denied as to these interrogatories.

<u>Relationship Between Ohio Security and Liberty Mutual</u>

Request for Production No. 14 asks for production of any agreements between Liberty Mutual and Ohio Security, including but not limited to "Management Services Agreements." While exploration of the relationship and possible division of labor between Liberty Mutual and Ohio Security is a relevant area for inquiry, the request for "any agreements" is overly broad. The motion to compel is denied as to this request without prejudice to making a more narrow focused request or seeking discovery by other means such as by 30(b)(6) deposition.

**Conclusion**

Plaintiff's Motion to Compel Discovery from Liberty Mutual Insurance Company, [Dkt. 40], is GRANTED in part and DENIED in part, as set out herein.

SO ORDERED this 15th day of March, 2018.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE